THE COUNTY OF LEON v. WILLIAM HOUSTON.

1. STATE POLICE—AUTHENTICATION.—An instrument, on which suit was brought against the county of Leon, was headed as follows: "Pay-roll of special policemen, county of Leon, Texas." Under this was written twenty names of persons, with figures and amounts following each name, as follows, the other nineteen being similar, viz: "John Rose, from September 15, 1871, to October 6, 1871, (19 days,) $57." Under this instrument, the following certificate: "I certify that the above pay-roll of special policemen of Leon county is correct and just, and that they have performed duty for the number of days specified. A. West, registrar. Approved: James Davidson, ad't gen'l and chief of police, State of Texas:" *Held*, That such instrument could not be made the basis of a recovery against Leon county, under the act of May 2, 1871. (Paschal's Dig., art. 7212.)

2. PUBLIC OFFICER.—The power given to an officer, to formally state certain facts, which, when stated by him as prescribed, become the evidence of the liability of another person, is a public trust that must be executed by the person, and in the mode prescribed by the law delegating the authority.

APPEAL from Leon. Tried below before the Hon. John D. Rector.

*W. D. Wood,* for appellant.

*Walton, Green & Hill,* also for appellant.

*Hancock, West & North,* for appellee.

ROBERTS, CHIEF JUSTICE.—This is an action brought against the county of Leon, by William Houston, as the assignee of the claims of twenty special policemen, for their services in that capacity in said county, in the months of September and

October, 1871, in which a judgment was rendered in his favor against the county for the sum of nine hundred and fifty-nine dollars, ($959.)

The law under which the claim was made, is the third section of the act of May 2d, 1871, entitled "An act to amend an act, entitled 'An act to establish a State police, and provide for the regulation of the same,' approved July 1, 1870," which reads as follows, to wit: "Any number of special policemen, not to exceed twenty in each county in the State, may be appointed by the Governor, or under his authority, and they shall not be sent out of the county, unless under orders from the Governor. These special policemen shall only be paid, when in actual service, the compensation of three dollars *per diem,* in lieu of traveling expenses and all other allowances, and for the use of their horses and arms. This compensation to be paid out of the county treasuries of the counties where employed, on vouchers certified to by the chief of police." (Paschal's Dig., art. 7212.)

The instrument, upon which the suit was founded, was headed, "Pay-roll of special policemen, county of Leon, Texas," under which was written twenty names of persons, with the time and amount for each, as follows, the other nineteen being similar, to wit:

"John Rose, from September 15, 1871, to October 6, 1871, (19 days,) $57." Under which pay-roll of the twenty persons was written the following certificate: "I certify that the above pay-roll of special policemen, of Leon county, is correct and just, and that they have performed duty for the number of days specified. A. West, registrar. Approved: James Davidson, ad't gen'l and chief of police, State of Texas."

The court held, on the trial, in the rulings upon the exceptions to the petition, upon objection to it in evidence, and in the charge to the jury, that this pay-roll constituted a good cause of action against the county of Leon; and that to recover upon it, all that was necessary was for the plaintiff to

prove that he was the owner of it, and that it had been presented to and rejected by the County Court before the institution of the suit upon it.

We are of opinion that this view of the law was a material error. It was evidently contemplated that each special policeman should have given to him a certificate, signed by the chief of police, stating the time of his service as special policeman, the county in which he was employed, and the amount of his compensation, which should be his voucher for his services. This certificate of the registrar is not provided for by the statute. Or, it might be that a certificate could be so shaped as to be a substantial compliance with the law, for all of the twenty special policemen together. But in such case, it must have been made by the chief of police.

When the law requires an officer to make a certificate of certain facts, which is to be the authoritative evidence of such facts, the approval by such officer of a certificate of those facts, made by a person who had no authority to make it, would certainly not be a compliance with the law. If, for instance, some one, not authorized, certifies to the acknowledgment of a deed, which is approved by a notary public, it would hardly be contended that it was a good acknowledgment of the deed for record, or as evidence of its execution in a suit in court.

This power given to an officer to formally state certain facts, which, when stated by him as prescribed, become the evidence of a liability of another person, is a public trust which must be executed by the person, and in the mode prescribed by the law delegating the authority.

In addition to this ground of error, it is also contended, that the law upon which the claim is made, is unconstitutional, and that the suit was improperly brought against the county, even if the law was constitutional; and that, if it could have been brought against the county, the court erred in not allowing the defendant to prove that these persons were not appointed, and did not serve as special policeman, and that the

court erred in aiding the plaintiff's counsel in the introduction of the evidence, and that the court erred in verbally lecturing the jury upon the performance of their duty.

We do not think that the case, as presented in the record, is one which requires of this court a discussion of all these questions.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.