## Lemuel Sawyer v. Milam County.

(No. 2909.)

Pay of special policemen under act of July 1, 1870.

Appeal from Milam county. Opinion by Watts, J.

Statement.— Appellant instituted this suit against appellee on the 22d day of May, 1875, to recover, as assignee of certain special policemen appointed for Milam county under and by virtue of the act of May 2, 1871, entitled "An act to amend an act entitled an act to establish a state police and provide for the regulation of the same, approved July 1, 1870." The amount claimed in the petition was $1,219.

The petition alleged that said special policemen, naming them, were duly appointed by the governor and were duly sworn, and that thirteen of them served as such for the term of twenty-four days, beginning on the 12th day of September and continuing to the 6th day of October, 1871, at the rate of $3 per day. That three others of said policemen had been duly appointed, etc., and were in actual service each, from the 12th day of August to the 6th day of October, 1871, and that they were each entitled to $3 per day; for which the adjutant-general, as chief of police of the state of Texas, issued vouchers; that he had purchased the same for a valuable consideration and attached the vouchers as part of the petition. The appellant had presented said vouchers to the county court of Milam county, and said court rejected the same. The appellee demurred generally and specially. May 22, 1875, the case was tried and the demurrers were sustained and judgment rendered against appellant for costs, etc., fr͡  ͜ hich this appeal is taken. The record contains ͡  ͜ment of errors.

Opinion.— The purported voucher sued on and made part of the appellant's petition is as follows:

"Adjutant-General's Office, State of Texas, Austin, May

19, 1874. I certify that the following exhibits a statement of service and pay due to special policemen of Milam county as taken from the record of this office:

No. 1.  Wm. A. Dorrah, 24 days, September 12 to October 6, 1871................................................................ §72 00"

Then followed the names of twelve others with time and amount for each corresponding to the above entry; then followed:

"Account signed by R. Van Slyker, registrar, approved November 17, 1871, and forwarded to registrar same day:

John Williams 30 days, August 12 to September 11............. $90 00
Eugene Slater 30 days, August 12 to September 11............. 90 00
Braxton Robinson 30 days, August 12 to September 11......... 90 00

"Called out by the governor and adjutant-general during disturbance in Milam county against Mr. Sawyer and L. W. Caldwell. Approved and handed to Mr. L. Sawyer, July 11, 1871."

The above is a true copy taken from the records of this office.

(Signed)            Wm. Steele, Adjutant-General.

The act of 1871, under which the said special policemen were appointed, provided that their compensation should "be paid out of the county treasuries of the counties where employed on vouchers certified to by the chief of police." P. D., art. 7212.

In the case of Leon County v. Houston, in considering an instrument almost in the very terms of that sued on in this case, Chief Justice Roberts, delivering the opinion of the court, said: "It was evidently contemplated that each special policeman should have given to him a certificate, signed by the chief of police, stating the time of his service as special policeman, the county in which he was employed and the amount of his compensation, which should be his voucher for his services.. This certificate of the registrar is not provided for by the statute."

The purported certificate in the case before us does not

[1] 46 Tex., 575.

appear to have been approved or signed by the chief of police, as was the case in Leon County v. Houston, *supra*. It is certainly true, as was held in that case, that such an instrument could not be made the basis of a recovery against the county under the act of May 2, 1871.

The judgment of the court below ought to be affirmed.